**YAN PING ZHU, Petitioner,**

**v.**

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 08–2776–ag.**

United States Court of Appeals, Second Circuit.

Dec. 24, 2008.

Henry Zhang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Terri J. Scadron, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Henry Zhang, Esq., Zhang & Associates P.C., New York, NY, for Petitioner.

Janice K. Redfern, Esq., Office of Immigration, Washington, DC, for Respondent.

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL, and Hon. GUIDO CALABRESI, Circuit Judges.

*SUMMARY ORDER*

Petitioner Yan Ping Zhu, a native and citizen of the People's Republic of China, seeks review of a May 13, 2008 order of the BIA affirming the February 15, 2007 decision of Immigration Judge ("IJ") Thomas J. Mulligan, denying Zhu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Ping Zhu,* No. A200 038 107 (B.I.A. May 13, 2008), *aff'g* No. A200 038 107 (Immig. Ct. N.Y. City Feb. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ The agency did not err in denying Zhu's claim for asylum and withholding of removal for failure to show a nexus to a protected ground. *See* 8 U.S.C. § 1101(a)(42); *In re Acosta,* 19 I. & N. Dec. 211, 233 (BIA 1985). The agency reasonably rejected Zhu's proposed particular social group-defined alternately as "a family of debtors" to the government, or a "vulnerable group[ ]" consisting of impoverished individuals in China. *See id.* at 233 (An "immutable characteristic" is one that members of the group "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences."). The agency reasonably concluded that "wealth" was not an immutable characteristic that

could be used to define a social group. *See Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 240 (2d Cir.1992) (holding that "poor" Yemeni Muslims are not a particular social group because group "posses[es] broadly-based characteristics"); *see also Ucelo–Gomez v. Mukasey,* 509 F.3d 70, 73–74 (2d Cir.2007) (holding BIA's interpretation that "affluent Guatemalans" did not constitute a social group was reasonable). Therefore, the agency reasonably found that Zhu had not shown membership in a particular social group.[1]

Zhu urges this Court in the first instance to find that she was persecuted on account of her membership in the particular social group of "young vulnerable women susceptible to exploitation." However, because Zhu failed to exhaust this issue before the agency, we decline to consider it. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

Because we find that the agency reasonably concluded that Zhu had not shown membership in a particular social group, we need not address Zhu's arguments that the agency erred in rendering its adverse credibility finding.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. Zhu failed to challenge the agency's finding that she had not shown fear of persecution on account of a political opinion, and we therefore deem any such challenge waived and decline to consider it. *See Yueqing Zhang v.*

*Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). We also do not reach the agency's denial of CAT relief because Zhu expressly waived this challenge in her opening brief.